IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY WILLIAMS, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 06-830 |
| | ) | Judge Gary L. Lancaster/ |
| NICHOLAS SYNAN, | ) | Magistrate Judge Amy Reynolds Hay |
|       Defendant. | ) | |

REPORT AND RECOMMENDATION

I.  Recommendation

It is respectfully recommended that the complaint in the above-captioned case (Doc. No. 3) be dismissed for failure to prosecute.

II.  Report

The plaintiff, has presented a civil rights complaint against Nicholas Synan, a correctional officer a the Allegheny Jail, alleging that Synan threw away his personal items and repeatedly assaulted him during an incident that occurred on January 27, 2005.

On May 8, 2007, this Court issued an order directing plaintiff to file a pretrial statement on or before August 10, 2007 (Doc. No. 14).  As of August 21, 2007, plaintiff had not filed his pretrial statement and the Court issued another order directing plaintiff to show cause on or before September 6, 2007, why the case should not be dismissed for failure to prosecute (Doc. No. 23).  To date, plaintiff has failed to respond.

In addition, after plaintiff failed to bring certain documentation to his deposition, the Court issued an order on July 12, 2007, granting defendant's motion to compel discovery and directing plaintiff to respond to defendant's discovery requests on or before July 30, 2007 (Doc.

No. 19). On August 6, 2007, when plaintiff again failed to provide defendant with the requested discovery, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b) (Doc. 20), which, in an order dated August 16, 2007, plaintiff was directed to respond to on or before September 6, 2007 (Doc. 22). To date, plaintiff has failed to respond to the motion to dismiss or otherwise complied with the Court's order directing plaintiff to respond to defendant's discovery requests.

While it appears that plaintiff was released from FCI Morgantown before the Court's August 16th order directing plaintiff to respond to the motion to dismiss or the August 21st order to show cause were issued, plaintiff nevertheless appears to have received the Court's July 12, 2007, order directing plaintiff to provide defendant with discovery but failed to comply. Moreover, although plaintiff was no longer incarcerated when the latter two orders were issued, it appears that the prison forwarded those orders to plaintiff at an address in Arizona. Those orders were still returned with the indication on the envelope "Attempted – Not Known." Thus, it is clear that plaintiff has not only failed to provide a proper forwarding address to the prison but has failed to notify the Court of his whereabouts at all and has not given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

    (1)    The extent of the party's personal responsibility.

    (2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

      (3)      A history of dilatoriness.

      (4)      Whether the conduct of the party or the attorney was willful or in bad faith.

      (5)      The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

      (6)      The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's orders and failure to notify the Court that he was no longer incarcerated which weigh heavily against him. Plaintiff's failure to notify the Court of his change of address so that the Court could communicate with plaintiff and his subsequent failure to respond to the motion to dismiss and show cause order was not only solely his personal responsibility but appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's orders -- it appears that defendant has spent considerable time and money defending this action and that those efforts have ultimately been thwarted by plaintiff's failure to provide discovery to defendant or otherwise comply with the Court's orders.

Although factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate. Moreover, because he has failed to notify the Court of his change of address so that the case may go forward as evidenced by his failure to file a pretrial statement or respond to

defendant's motion to dismiss as ordered, it appears that the plaintiff has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,


AMY REYNOLDS HAY
United States Magistrate Judge


Dated: September 13, 2007


cc: Anthony Williams
08435-068
FCI Morgantown
P.O. Box 1000
Morgantown, WV 26507

Anthony Williams
2846 East Roosevelt Road
Phoenix, AZ 85008

Craig E. Maravich, Esq.
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219